### WILLIAM GOODALL v. WILLIAM J. DEMAREST.

Upon a proper affidavit, an order for a second examination of a judgment debtor will be granted *ex parte*.

Where a judgment debtor has been examined under supplementary proceedings, another examination will not be ordered unless the affidavit upon which it is applied for, mentions the previous proceeding, and shows that the debtor has since acquired property, or states circumstances leading to such a belief.

An order for a second examination was obtained upon an affidavit deficient in these respects; but on a motion to vacate it the omission was supplied, and the order was retained, limiting the inquiry, however, under it, to matters subsequent to the examination already had.

AT CHAMBERS, *September* 25, 1858.

Motion to vacate an order for the examination of the defendant, a judgment debtor, under proceedings supplementary to execution. The affidavits on which the motion was grounded, showed that the defendant had been once fully examined under a previous order granted upon the same judgment, and no property discovered; and alleged that the last order had been obtained for the purposes of vexation and annoyance. In opposition to the motion, an affidavit was produced stating circumstances which would naturally lead to the belief that the defendant was now possessed of property, and denying any intent to vex and annoy, further than a proper examination of a debtor might be supposed to have such an effect. The affidavit upon which the second order was obtained, was in form the usual printed blank, filled up, and in it no reference was made to the previous examination, nor to the fact that the defendant had subsequently acquired property.

*John M. Martin*, for the motion.

Goodall v. Demarest.

*John B. Holmes and William McKeag*, opposed.

BRADY, J.—If there has been an examination of the judgment debtor, and the creditor seeks a further examination, the affidavit on which the order is asked should state the previous proceeding, and the fact that the defendant had subsequently acquired some property, or circumstances from which such fact should be presumed. A multiplicity of examinations will not be tolerated without good reasons therefor, but, at the same time, no judgment creditor will be prevented from *bona fide* efforts in these proceedings to obtain satisfaction of his judgment. The affidavit on which the second order was obtained herein, is deficient in the respects named, but is not deficient in any jurisdictional fact. The omission is, therefore, one of practice, which may be supplied by amendment. The affidavit read in opposition to the motion to discharge the order, discloses circumstances which justify, in my judgment, the belief that the debtor has acquired property since the last examination, and the order will be retained, therefore, fortified by the affidavit mentioned. The question of the defendant's costs on this motion, is reserved until the conclusion of the examination to take place. And further, the defendant's examination must be limited to the time when the previous one was concluded. I do not concur in the proposition that no subsequent order should be granted except upon notice to the defendant. The creditor proceeds at his peril, and the costs allowed by the statute must be his indemnity if he be improperly required to appear. A hearing upon notice would necessarily involve the question of property, in respect to which the right to examine is given by statute, subject to the rules of practice relating thereto, and if decided in favor of the applicant, would subject the judge conducting the proceeding to another consideration of the same question upon the examination when finished.

Ordered accordingly.