### GEORGE CLARKE v. PATRICK LONDRIGAN.

1. Where a judgment creditor has obtained an order for the examination of the defendant in the judgment, on supplementary proceedings, and the order has been fully executed, and the proceeding heard upon its merits and dismissed, the case is *res judicata;* the parties are precluded as to all matters existing previous to that time, and which were embraced in the consideration and judgment of the court.

2. A new examination can only be asked for on the ground that after the judgment of the court in the previous proceedings, the debtor had become possessed of property, in respect to which the creditor was entitled to examine him under the statute.

3. The remedy for error in the dismissal of the previous proceedings is not by another order for examination.

4. The writ and proceedings should not be entitled the state, on the relation of the judgment debtor against the judges of the Common Pleas; the judgment debtor should be plaintiff in *certiorari*, and the judgment creditor defendant.

On *certiorari*.

Argued at February Term, 1878, before Justices DALRIMPLE and WOODHULL.

For the plaintiff, *A. S. Jackson.*

For the defendant, *Job H. Lippincott.*

The opinion of the court was delivered by

DALRIMPLE, J. The plaintiff below. having recovered a judgment against George Clarke before a justice of the peace, caused the same to be docketed in the Hudson Common Pleas. On the 23d of January, 1877, the judgment creditor obtained an order for the examination of the defendant in the judgment on supplementary proceedings, with an order forbidding the city of Hoboken paying the defendant, or any third person, certain moneys alleged to be due the defendant on a contract between him and the city. On the ensuing 12th of February, the order was dismissed, because, as I understand the case from the papers sent up, there were several judgments embraced in the same proceedings. On the next day, (13th of February,) a second order was granted, in aid of the same judgment creditor, upon the judgment above referred to, which was one of those embraced in the first proceeding, which had been then disposed of. This second order for examination was accompanied by an order restraining the city of Hoboken from paying the moneys, due on the contract referred to, to the defendant or any third person. On the 3d day of the ensuing month of March, the defendant was fully examined in open court. Witnesses were also examined as provided by the statute. On the 21st of the ensuing month of April, the last mentioned order, after argument and full consideration of the court, was dismissed. Seven days afterwards, on the 28th of April, 1877, a third order for defendant's examination on this same judgment, accompanied, as in the previous proceedings, by an order restraining the city of Hoboken from paying the moneys due on said contract, was granted. Pending the examination of the defendant, under the last named order, a *certiorari* was allowed removing the proceedings into this court. It is alleged that the third order was improvidently and illegally granted, because the judg-

ment creditor was not entitled, to the annoyance and oppression of the defendant, to repeated orders for examination on the same state of facts. I think the objection well taken. When the order of the 13th of February had been fully executed, and the proceeding heard upon its merits and dismissed, the case was *res judicata*. The parties were foreclosed as to all matters existing previous to that time, and which it is presumed were embraced in the consideration and judgment of the court. The only ground upon which the judgment creditor could ask a new examination was, that after the judgment of the court in the previous proceedings, the debtor had become possessed of property, in respect to which the creditor was entitled to examine him under the statute, otherwise it would seem that the creditor could, *ad libitum*, harass and oppress the debtor by repeated examinations, after the merits of the case had been fully considered and determined. If there was error in the dismissal of the previous proceedings, the remedy of the judgment creditor was not by another order for examination. The practice, in cases like that before us, has been settled in New York by repeated decisions on a statute substantially, for all purposes of this case, like our own. *Goodall* v. *Demarest*, 2 *Hilt.* 534; *Squire* v. *Young*, 1 *Bosw.* 690; *Carter* v. *Clarke*, 7 *Rob.* (*N. Y.*) 490.

The only suggestion made by the counsel of the judgment creditor in support of the order was, that new facts had been discovered after the close of the previous proceeding, and before the granting of the order in question. It does not appear that either of the orders was designed to reach any property of the defendant except the moneys alleged to be due him from the city of Hoboken. If, after the close of the previous examination, the creditor had discovered new facts, going to show that the defendant had, as alleged, fraudulently disposed of that property, I do not think that the creditor would, for that reason, become entitled to institute a new and independent proceeding. But the papers do not show that any new facts, in relation to the property sought to be reached, had been discovered intermediate the close of the former and

the institution of the last proceeding. The second and third petitions for defendant's examination are, in all respects, the same in form and substance, except that the last alleges the fraudulent assignment by defendant of the contract referred to, and its non-assignability, without consent of the city. But the right of the assignee to the moneys due on this contract, was the precise question litigated in the previous proceeding. On that question the judgment of the court was against the judgment creditor We must presume that the contract was before the court, and that all questions, in respect to the rights of the defendant or his creditors under it, were heard and determined. The legal aspects of the case are not changed because the creditor, in his last petition, in addition to the allegations contained in the previous petition, sets forth the grounds on which he claims the moneys due from the city. It is not in terms, or by way of implication, alleged in the last petition that any new fact, going to establish the creditor's claim, had been discovered subsequent to the close of the previous proceedings. The only difference between the petitions is that already suggested.

The creditor was not entitled to the order of the 28th of April, which, with all proceedings under it, must be set aside. The writ and proceedings in this case are erroneously entitled as between the state, on the relation of the judgment debtor against the judges of the Hudson Common Pleas. As no objection has been taken to this error, the proceedings may be amended and the case entitled, as it should have been, between the judgment debtor, plaintiff in *certiorari*, and the judgment creditor, defendant.