# THE GROCERS' BANK OF THE CITY OF NEW YORK, Appellant, *v.* THEODORE W. BAYAUD, Respondent.

*Examination of a defendant in supplementary proceedings—the affidavit used on a second application, should state that one examination had already been had —as to whether notice must be given of a second application.*

Upon an application to vacate an order made herein, on February 13, 1880, directing the defendant to appear and be examined in proceedings supplementary to execution, it was shown that the defendant had already been examined herein, in pursuance of an order made on June 17, 1872, and that such examination had been completed, and a receiver appointed. The affidavit upon which the second order was granted made no reference to the previous application.

*Held,* that the order was properly set aside for that reason.

*Quære,* as to whether a second application to examine a judgment debtor may be made *ex parte,* or whether notice thereof must be given.

Appeal from an order vacating an order for the examination of the defendant in supplementary proceedings.

The order in question was made on February 13, 1880. On the hearing of the motion to vacate this order, it appeared that the defendant had already been examined in this action, under an order made on June 17, 1872, that such examination had been finally concluded, and a receiver duly appointed.

*Rockfellow & Briesen,* for the appellant.

*J. H. Hull,* for the respondent.

Brady, J.:

The judgment of which the order in supplementary proceedings was predicated was recovered on March 6, 1872. In June, of the same year, the judgment debtor was examined, and a receiver ap-

pointed of all his property. The affidavit, on which the order for the second examination was obtained, does not disclose the previous examination, and makes no mention of any proceeding under it. On the contrary, it states that no previous application had been made for the order secondly obtained, which, though doubtless true as to that order, was not strictly correct, the error arising no doubt from the fact that the attorney making the affidavit had no knowledge of the first order.

When it was disclosed upon the return of the order that there had been a prior examination completed, the proceeding secondly instituted was dismissed, and very properly. It is established as a rule governing these summary applications, that after a judgment creditor has obtained a complete examination of the debtor, he cannot institute another without application on notice, and an affidavit showing some reason for the further examination; or, at least, if notice be not necessary, that the affidavits shall disclose the prior examination, and allege facts which call upon the court in the exercise of its discretion to allow another examination to be had.

The rule is a salutary one, and should be strictly enforced. (*Orr's Case*, 2 Abb., 457; *Goodall* v. *Demarest*, 2 Hilt., 534; *Irwin* v. *Chambers*, 40 Superior Ct., 432.)

The order appealed from should be affirmed with $10 costs, and disbursements of the appeal.

BARRETT, J. :

I concur with Mr. Justice BRADY, except as to the intimation that a second order should only be granted upon notice. In my judgment, a second application may be *ex parte*. Further, in a case like the present, where much time has elapsed since the original examination, and the application is made by a receiver in the performance of his duty, a second order should be granted and upheld upon very slight evidence of a change in the defendant's position, or other facts calling for the exercise of discretion. I agree to the affirmance of this order, because the previous proceedings were entirely ignored, and nothing whatever was stated to justify fresh proceedings.

DAVIS, P. J., concurred.

Order affirmed, with $10 costs and disbursements.