STORMS, Appellant, v. SKILLETT, Respondent. (Supreme Court, General Term, Fifth Department. June Term, 1895.) Action by Eugene Storms, an infant, by guardian, against William Skillett. No opinion. Judgment and order affirmed.

SULZBACKER v. J. CAWTHRA & CO., Limited. (Common Pleas of New York City and County, General Term. December 2, 1895.) Action by Joseph H. Sulzbacker against J. Cawthra & Co., Limited.

PER CURIAM. Defendant's motion to reduce the amount for which the attachment was granted is not inconsistent with its appeal from the order denying the motion to vacate the attachment. Both motions were availed of by the defendant as of right. Hence this motion for dismissal of the appeal should be denied, with $10 costs.

THOMSON v. GOODWIN et al. (Supreme Court, General Term, First Department. October 18, 1895.) Action by David Thomson, as trustee, etc., against Lorenzo Goodwin and others. G. P. Smith, for plaintiff. No opinion. Motion granted, with $10 costs. See 34 N. Y. Supp. 769.

In re TOMPKINS' WILL. (Supreme Court, General Term, Fourth Department. February Term, 1895.) Proceeding for the probate of the last will and testament of Abram Tompkins, deceased. From the decree, George M. Tompkins, the executor named in the will, appeals. No opinion. Decree of the surrogate's court affirmed, with costs to the respondents, payable out of the estate.

TRADERS' NAT. BANK, Respondent, v. WEAVER LUMBER CO., Appellant. (Supreme Court, General Term, Fifth Department. March Term, 1895.) Action by the Traders' National Bank against the Weaver Lumber Company. No opinion. Order affirmed, with $10 costs and disbursements.

TREMBLY v. NEW YORK, L. E. & W. R. CO. (Supreme Court, General Term, Fifth Department. October 16, 1895.) Action by Fidelia Trembly, as administrator, etc., against the New York, Lake Erie & Western Railroad Company. No opinion. Motion for new trial denied, and judgment directed for the defendant on the nonsuit. BRADLEY, J., not sitting.

TRIPPANSEE, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, General Term, Fifth Department. October 16, 1895.) Action by Ferdinand A. Trippansee against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed.

UNITED GLASS CO., Appellant, v. SLEIGHT, Respondent (two cases). (Supreme Court, General Term, Fifth Department. March Term, 1895.) Action by the United Glass Company against Peter R. Sleight, as receiver, etc. No opinion. Order affirmed, with $10 costs and disbursements.

UPTEGROVE et al., Respondents, v. CENTRAL R. CO. OF NEW JERSEY, Appellant. (City Court of New York, General Term. November 26, 1895.) Action by William E. Uptegrove and Jerome P. Uptegrove against the Central Railroad Company of New Jersey. De Forest Bros., for appellant. M. P. O'Connor, for respondents.

McCARTHY, J. Both sides, having moved for a direction of a verdict, left the questions of law and fact to the trial justice to determine. We have examined the facts very carefully, and, under Park v. Preston, 108 N. Y. 434, 437, 15 N. E. 705, think the judgment should be affirmed, and it is so ordered, with costs. See Jennings v. Railway Co., 127 N. Y. 449, 28 N. E. 394.

In re VARNEY. (Supreme Court, General Term, Fifth Department. June Term, 1895.) In the matter of the application of Cornelia Varney, as legatee, etc., under the will of George A. Varney, deceased, for payment of annuity, etc. No opinion. Judgment affirmed, with costs of this appeal against the appellant personally.

WEAVER v. WEAVER LUMBER CO. et al. (Supreme Court, General Term, Fifth Department. March Term, 1895.) Action by William B. Weaver against the Weaver Lumber Company. Henry W. Greig appeals from an order in favor of the Traders' National Bank. No opinion. Order affirmed, with $10 costs and disbursements.

WEST, Appellant, v. BUSH, Respondent. (Supreme Court, General Term, First Department. October 18, 1895.) Action by Kate B. West against J. Adriance Bush. C. D. Ridgway, for appellant. A. S. Bacon, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.