(14 Misc. Rep. 545.)

SULZBACHER v. J. CAWTHRA & CO., Limited.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

ATTACHMENT—AMENDMENT OF AFFIDAVIT—REDUCTION OF DAMAGES.

Where the affidavit for an attachment for damages for breach of contract showed the gross value of such contract for the unexpired term, an amendment by inserting the amount of net profits before the breach, and an estimate of the net profits after the breach, is within Code Civ. Proc. § 723, authorizing the amendment of any proceeding by supplying material allegations, though by such amendment plaintiff reduces the amount of his claim for damages.

Appeal from special term.

Action by Joseph H. Sulzbacher against J. Cawthra & Co., Limited. From an order granting a motion to amend a warrant of attachment, and denying a motion to reduce the amount of the warrant, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Blumensteil & Hirsch, for appellant.
Charles Strauss, for respondent.

DALY, C. J. By a written contract between the parties the plaintiff was appointed defendant's sole agent in the United States to obtain orders for goods to be manufactured and shipped by defendant for the term of four years from February 13, 1894, upon a commission of 7 per cent. on the sales and half profit over its regular

selling prices.     Upon the breach of said contract, by defendant's refusal, since February 15, 1895, to receive and fill orders obtained by plaintiff, he commenced, on June 7, 1895, an action to recover (1) unpaid commissions earned, amounting to $716.37; and (2) damages for the breach of the contract, amounting to $15,017.25.     Plaintiff obtained a warrant of attachment against defendant as a foreign corporation in the sum of $15,733.42.     Defendant moved to vacate the attachment upon the affidavits on which it was granted, but the court held that, although the warrant was issued in too large an amount, because the plaintiff's estimate of his unliquidated damage was excessive, yet there was definite evidence of damage to the amount of the commissions earned; and the motion was denied, without prejudice to an application to reduce the amount.     The plaintiff immediately moved on affidavits to amend the warrant by reducing the amount to $8,948.24.     The defendant also moved to reduce the attachment to $716.33.     The plaintiff's motion was granted, and defendant's motion denied, and from the orders entered thereon defendant appeals, claiming (1) the court had no power, upon plaintiff's application, to modify the warrant of attachment; (2) that no cause of action for $8,000, nor for any sum, for unliquidated damages, was disclosed in the new affidavit.

It is contended by defendant that applications to reduce an attachment can only be made by the defendant or a subsequent lienor, and that the right of a plaintiff to sustain his attachment in any manner by new proofs is restricted to cases where the defendant applies on affidavit to vacate or modify the warrant.     Code, §§ 682, 683.     If the general power of amendment allowed by the Code (section 723, 724) and inherent in the court applies to attachment proceedings, such power is not restricted by the sections relied upon by defendant.     The object of those provisions was to give a defendant and subsequent lienors the fullest protection against excessive as well as unauthorized attachments; section 682 conferring the right to make the application, and section 683 prescribing the practice upon it.     They contain no provision excepting attachment proceedings from the general powers of amendment conferred by the Code, and no such exception is to be implied.     Kibbe v. Wetmore, 31 Hun, 424.     The power to amend attachment proceedings had been asserted long before the enactment of the sections in question, and an intention to take it from the court should have been clearly expressed. Under the old Code, giving the courts the power to amend any proceedings, correcting a mistake in any respect, and inserting allegations material to the case (Code Proc. § 173), it was held that an attachment, not being original process, as under the Revised Statute, but a proceeding in the action, the warrant and the affidavits on which it was granted might be amended like any other proceeding; and so affidavits were received to supply defects in the original affidavits and show facts authorizing the attachment.     Furman v. Walter, 13 How. Prac. 348–359.     See, also, Kissam v. Marshall, 10 Abb. Prac. 426.     The present Code is even more liberal in conferring the power of amendment.     It not only re-enacts the provisions of the former Code giving the court power to amend any proceeding by

supplying material allegations (section 723), but it expressly confers power to relieve a party from the consequences of a failure to strictly observe statutory requirements, and provides that when his proceeding fails to conform to a provision of the Code the court may permit an amendment to conform it to such provision. Section 724. These sections confer ample power to amend proceedings to enforce any provisional remedy, as well as other proceedings, in an action, by supplying omissions of material matter required by the Code. The amendment made at the special term in this case in no wise strained the power thus conferred. The plaintiff had set forth in his original affidavits very fully all the facts showing his contract, and the breach of it, and the gross amount actually earned under it; and in support of his claim for unliquidated damages stated that he had "maintained an office in the city of New York, and employed a number of salesmen, for the purpose of such agency for the defendant; and, based upon the amount of the sales effected by plaintiff for defendant during the period of the performance of said contract, as well as his knowledge of the facts hereinbefore stated, deponent says that the value of said contract to the plaintiff for the unexpired term thereof after the breach of the same by defendant as aforesaid, to wit, two years, nine months, and fifteen days, is the sum of $15,017.05, in which sum this deponent has been damaged by reason of defendant's breach of contract as above described." This allegation was partly a conclusion and insufficient (Westervelt v. Agrumaria Sicula, Societa Anonima di Transporti Marittimi, 58 Hun, 147, 11 N. Y. Supp. 340), but the plaintiff's new affidavit, taken in connection with the original affidavit, showed a net profit of $982.91 during the time he was actually permitted to perform under the contract after deducting his expenses, $810.18, from the gross amount of his earnings; and showed that, computing at that rate for the term the contract had to run, his expectation of profit was $8,231.87. This, added to the commissions actually earned, $716.33, makes a total of $8,948.20, which he asked by his motion to have inserted in the attachment, instead of the sum in which it was originally issued. It thus appears that the only omission in the original affidavit was to make a formal computation of receipts for the whole period, and to specify and deduct the expenses therefrom, and the error was in claiming as damages the gross, and not the net, profits to be earned under the contract. A more meritorious case for amendment could hardly be conceived, as it simply supplied one factor in a simple computation, and reduced the claim to a proper amount. With this amendment, a prima facie case for unliquidated damages was made out for prospective profits under such a contract, and were recoverable as the value of the contract. Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264. There was nothing speculative about these profits. They were computed upon actual experience in the performance of the contract up to the time it was broken by defendant, and "under such circumstances courts ought not to be too precise and exacting in regard to the evidences upon which to base a claim for damages resulting from loss of future profits." Dart v. Laimbeer, 107 N. Y. 664, 14 N. E. 291.

The plaintiff's motion for amendment of the attachment was there-fore properly granted, and the defendant's motion to reduce it to $716.33 was properly denied. The orders appealed from should be affirmed, with costs and disbursements of appeal. But one bill of costs should be taxed, as the appeals were argued together. All concur.