BAKER TRANSFER COMPANY, Respondent, *v.* MERCHANTS' REFRIGERATING AND ICE MANUFACTURING COMPANY, Appellant.

*Damages upon the breach of an executory contract — the party aggrieved should try to mitigate the damages — use of the articles provided to fulfill the violated contract.*

In an action brought to recover damages for the breach of an agreement by which the plaintiff agreed to take the defendant's output of ice and deliver it to the customers of the defendant, the damages consist of the value of the contract, to be ascertained by deducting from the contract price for the work the cost of its performance.

It is the duty of the plaintiff in such an action, if possible, to mitigate the damages arising from the breach of the contract, and if the plaintiff uses in its own business the material provided for the purpose of fulfilling the contract made with the defendant, the defendant is entitled to credit therefor, but the plaintiff is not bound to use the harness, trucks or horses, provided for the delivery of ice, in its own business, to the exclusion of those which it has provided for that express purpose, and is entitled to recover damages even for the time during which they might have been used in its own business, provided the ice contract was more lucrative than the business in which it was then engaged.

APPEAL by the defendant, the Merchants' Refrigerating and Ice Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of June, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme

Court held in and for the county of New York, and also from an order entered in said clerk's office on the 19th day of June, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Theron G. Strong*, for the appellant.

*Almet F. Jenks* and *William E. C. Mayer*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for breach of an agreement, by which the plaintiff agreed to take the defendant's output of ice and deliver it to the defendant's customers at stipulated rates, varying with the locality, etc. This case was before this court on a former appeal from a judgment in favor of the defendant, entered upon a decision of the court granting its motion for a dismissal of the complaint on the pleadings, the court holding that a good cause of action was set out and reversing the judgment and ordering a new trial. The answer contained two defenses, in substance a general denial and an alleged breach of contract by the plaintiff. The questions raised upon the previous appeal were again presented to the court below and were overruled and it is not necessary to consider them here.

It is conceded upon both sides that the rule of damages laid down by the learned court was erroneous. But the respondent seeks to justify the verdict, claiming that the judgment rendered was no more favorable to it than the uncontradicted proof required. We think, however, that the error was fundamental, and also that the court erred in excluding evidence which tended to mitigate the damages claimed by plaintiff upon the breach of this contract. This contract was an executory contract, or at least partially executory, and it seems to be a familiar rule of damages that in such a contract the damages consist of the value of the contract, and this may be established by showing what the contract price for the work is, deducting therefrom the cost of performing it. This was evidently the view entertained by the respondent upon the trial, because that was the tendency of its evidence. The court, however, seems to have taken a radically different view, and that under this contract everything was to come in and nothing was to go out. He charged

that the plaintiff was entitled to recover the total amounts which it would have received without any deductions for the cost of fulfilling the contract, but only deducting the cash which had been paid to it. The counsel for the defendant duly raised this question as to the cost of performing the contract by his requests to charge, and, therefore, is entitled to take advantage of the error committed by the learned judge who presided at the trial.

Upon the argument of this appeal the respondent sought to justify the verdict upon the ground that the expenses were not as great as claimed by the appellant and that the cash payment should not be deducted. The question in regard to the expenses, if there were any dispute in that respect, was a question for the jury, but they undoubtedly should have been deducted from the contract price in order that the value of the contract might be arrived at.

There was another error in the trial of the case. The defendant endeavored to prove that the material, which the plaintiff claimed to have provided for the purpose of fulfilling this contract, had been used in its business and was not lying idle, and consequently that the defendant should have had the benefit of the earnings of that part of the plaintiff's plant which it had provided for the performance of its contract with the defendant and which it had used in its own business. This evidence was excluded and, we think, erroneously. It was the duty of the plaintiff, if possible, to mitigate the damage arising from the breach of the defendant in the fulfillment of the contract. If it used the material provided in its own business, it was clearly the right of the defendant to have credit therefor.

It is also claimed that the court erred in refusing to charge that "if the harness, trucks and horses referred to in the complaint were, or might have been employed by plaintiffs in and about their business when not in use to deliver ice under said contract, plaintiff cannot recover damages for the time during which they were or might have been so employed."

It will be seen at a glance that this request was too broad. The plaintiff was not bound to use the harness, trucks or horses provided for the fulfillment of this contract in its own business, to the exclusion of those which it had provided for that express purpose. And yet, if the request to charge was correct, that would have been the result,

because it might have used the material provided for the fulfillment of this contract and have left idle its own material which had been provided for the carrying on of its own business. This it was not required to do. And, furthermore, the court was asked to charge that the plaintiff could not recover damages for the time during which these materials were or might have been employed. It was clearly entitled to recover damages for this time, provided the ice contract was more lucrative than the business in which it was then engaged. The request, therefore, was too broad in all its aspects, and the court was justified in refusing it.

It is also claimed that the defendant was liable only for ice which the plaintiff could have delivered to the customers of the defendant, and that it was bound to prove that there were customers to be served before it made out a case for any damages. This seems to have been somewhat the theory of the plaintiff in the drawing of the complaint. But upon an inspection of the contract it clearly was not in the contemplation of the parties. It seems to us that this question was entirely disposed of by the decision of the court upon the previous appeal.

The judgment and order must be reversed and a new trial ordered, with costs to the appellant to abide the event.

RUMSEY, WILLIAMS, PATTERSON and INGRAHAM, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.