BAKER TRANSFER CO. v. MERCHANTS' REFRIGERATING & ICE
MANUFACTURING CO.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

1. DAMAGES—FOR BREACH OF CONTRACT—MEASURE OF.
    The measure of damages for the breach of an executory contract by which plaintiff was to perform certain work is the value of the contract to him, to be ascertained by deducting from the contract price the cost to him of its performance.

2. SAME—MITIGATION OF DAMAGES.
    Where a plaintiff purchased material to enable him to perform a contract with defendant, and was not permitted to do so, defendant is entitled to credit, in mitigation of damages, for the value of the use of such material by plaintiff for other purposes, though plaintiff could not be required to make use of it to the exclusion of that which he had expressly provided for such purposes.

Appeal from trial term, New York county.

Action for breach of contract by the Baker Transfer Company against the Merchants' Refrigerating & Ice Manufacturing Company. Defendant appeals from a judgment for plaintiff, and from an order denying a motion for a new trial. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Theron G. Strong, for appellant.

Almet F. Jenks, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for breach of an agreement by which the plaintiff agreed to take the defendant's output of ice, and deliver it to the defendant's customers at stipulated rates, varying with the locality, etc.

This case was before this court on a former appeal (37 N. Y. Supp. 276) from a judgment in favor of the defendant, entered upon a decision of the court granting its motion for a dismissal of the complaint on the pleadings; the court holding that a good cause of action was set out, and reversing the judgment, and ordering a new trial. The answer contained two defenses,—in substance a general denial, and an alleged breach of contract by the plaintiff. The questions raised upon the previous appeal were again presented to the court below, and were overruled, and it is not necessary to consider them here.

It is conceded upon both sides that the rule of damages laid down by the learned court was erroneous. But the respondents seek to justify the verdict, claiming that the judgment rendered was no more favorable to them than the uncontradicted proof required. We think, however, that the error was fundamental, and also that the court erred in excluding evidence which tended to mitigate the damages claimed by plaintiffs upon the breach of this contract. This contract was an executory contract, or at least partially executory; and it seems to be a familiar rule of damages that in such a contract the damages consist of the value of the contract, and this may be established by showing what the contract price for the work is, deducting therefrom the cost of performing it. This was evidently the view entertained by the respondents upon the trial, because that was the tendency of their evidence. The court, however, seems to have taken a radically different view, and that under this contract everything was to come in, and nothing was to go out. The charge that the plaintiffs were entitled to recover the total amounts which they would have received, without any deductions for the cost of fulfilling the contract, but only deducting the cash which had been paid to them, was erroneous. The counsel for the defendant duly raised this question as to the cost of performing the contract by his requests to charge, and therefore is entitled to take advantage of the error committed by the learned judge who presided at the trial.

Upon the argument of this appeal the respondent sought to justify the verdict upon the ground that the expenses were not as great as claimed by the appellant, and that the cash payment should not be deducted. The question in regard to the expenses, if there were any dispute in that respect, was a question for the jury, but they undoubtedly should have been deducted from the contract price, in order that the value of the contract might be arrived at.

There was another error in the trial of the case. The defendant endeavored to prove that the material which the plaintiff claimed to have provided for the purpose of fulfilling this contract had been used in its business, and was not lying idle, and consequently that the defendant should have had the benefits of the earnings of that part of the plaintiff's plant which it had provided for the performance of its contract with the defendant, and which it had used in its own business. This evidence was excluded, and we think erroneously. It was the duty of the plaintiff, if possible, to mitigate the damage arising from the breach of the defendant in the fulfillment of the

contract. If it used the material provided in its own business, it was clearly the right of the defendant to have credit therefor.

It is also claimed that the court erred in refusing to charge "that if the harness, trucks, or horses referred to in the complaint were, or might have been, employed by the plaintiffs in or about their business when not in use to deliver ice under said contract, the plaintiff cannot recover damages for the time during which they were or might have been so employed." It will be seen at a glance that this request was too broad. The plaintiff was not bound to use the harness, trucks, or horses provided for the fulfillment of this contract in its own business, to the exclusion of that which it had provided for that express purpose; and yet, if the request to charge was correct, that would have been the result because they might have used the material provided for the fulfillment of this contract, and have left idle their own material which had been provided for the carrying on of their own business. This they were not required to do. And, furthermore, the court was asked to charge that the plaintiff could not recover damages for the time during which these materials were or might have been employed. They were clearly entitled to recover damages for this time, provided the ice contract was more lucrative than the business in which they were then engaged. The request, therefore, was too broad in all its aspects, and the court was justified in refusing it.

It is also claimed that the defendant was liable only for ice which the plaintiff could have delivered to the customers of the defendant, and that it was bound to prove that there were customers to be served before it made out a case for any damages. This seems to have been somewhat the theory of the plaintiff in the drawing of the complaint; but upon an inspection of the contract it clearly was not in the contemplation of the parties. It seems to us that this question was entirely disposed of by the decision of the court upon the previous appeal.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.