### In re MANHATTAN ICE CO.

#### (District Court, S. D. New York. July, 1901.)

BANKRUPTCY—PROVABLE CLAIMS—REQUISITE AMOUNT.

An ice company agreed to deliver ice to the petitioning creditors in bankruptcy for specified terms, and at a specified price, and afterwards broke the agreement. The current damages sustained by petitioners up to the time of the filing of their petition did not aggregate $500, but the ruling market price of ice was such that new contracts could not be made for the terms covered by the old contracts without such loss to petitioners as would in the aggregate exceed that sum. *Held*, that the loss for the entire term was provable, and not merely the current damages, and therefore petitioners were creditors for an amount sufficient to give the court jurisdiction.

Moritz Frank, for petitioners.
Samuel H. Wandell, for Manhattan Ice Co.

THOMAS, District Judge. This is a proceeding instituted May 4, 1901, to adjudge the Manhattan Ice Company, a corporation organized under the laws of New Jersey, but doing business in the state of New York, an involuntary bankrupt. Each of the petitioning creditors entered into a written contract with the company, whereby the latter agreed to deliver to such creditor all ice to be consumed on its premises for a specified term, at the price of two dollars per ton, with weekly payments, for the following terms: Stern Bros., from January 1, 1901, to January 1, 1903; Yaretsky, March 13, 1901, to March 13, 1903; Mendelowitz, January 1, 1901, to January 1, 1906; Pannamacoor, March 13, 1901, to March 13, 1903. Shortly thereafter attachments were levied against the property of the bankrupt, and temporary receivers were appointed by the state courts in New Jersey and New York. This resulted in a failure on the part of the company to make delivery, and the creditors have been compelled to make other arrangements for the future delivery of ice, at higher prices.

Upon a previous hearing it was urged on the part of the respondent, as the claim of each of the creditors was unliquidated, it was not provable in bankruptcy, so as to give the several petitioners standing as creditors. This objection was overruled by Judge Brown, and a reference was ordered for the purpose of determining whether the claims were sufficient in amount to meet the requirements of the act. The conclusion of Judge Brown will not be reconsidered.[1] From the evidence taken before the referee, it appears that the current damages sustained by the petitioners up to the time of filing of the petition did not aggregate $500, but that the ruling market price of ice during the time intervening between the failure of the respondent to meet its contract and the time of the filing of the petition was such that new contracts could not be made for the terms covered by the old contracts without such loss to the petitioners as would amount to the sum requisite to give the court jurisdiction. Therefore the question is whether the whole damages for the term are provable in bankruptcy, or only such sum as the petitioners were obliged to pay in excess of the contract price up to the time of the filing of the petition. The petitioners owned contracts which bound the respondent to furnish them ice for ther business through specified terms. That contract was broken. The petitioners were obliged to pay, for the time intermediate the breach of the contracts and the filing of the petition, prices in excess of that reserved by the contracts, and could not replace the contracts at prices as favorable as those provided by the contracts. Such evidence tends to show that the petitioners could not replace the contracts without suffering a direct loss much in excess of $500. Whatever such loss was, that they were entitled to recover, without awaiting the expiration of the time for which the contracts were to continue. Baker Transfer Co. v. Merchants' Refrigerating & Ice Mfg. Co., 12 App. Div. 260, 42 N. Y. Supp. 76; Lavens v. Lieb, 12 App. Div. 487, 42 N. Y. Supp. 901; Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676; Sulzbacher v. J. Cawthra & Co., 14 Misc. Rep. 545, 36 N. Y. Supp. 8, affirmed in court of appeals 148 N. Y. 755, 43 N. E. 990; Dart v. Laimbeer, 107 N. Y. 664, 14 N. E. 291.

The petitioners are creditors for the requisite amount.

[1] The following is the opinion referred to, which was handed down May 21, 1901, by Brown, District Judge: "The practice in this district is that a creditor having a provable debt may be a petitioning creditor, though the debt is unliquidated. These creditors evidently have a present fixed debt to some amount. Only a trial can determine the amount of the debts. If insufficient in amount, the petition will be dismissed, unless others join. The defense must be taken by answer. Motion denied."