(68 App. Div. 189.)

### KING v. KING et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

ATTACHMENT—DEFECTIVE WARRANT—AMENDMENT NUNC PRO TUNC.

Under Code Civ. Proc. § 723, authorizing amendment of process by the court on such terms as it deems just, the trial court has power to amend nunc pro tunc a warrant for an attachment, defective because failing to state the ground of the attachment as required by section 641, and hence the same right to make such amendment exists against one acquiring an interest in the attached property after the issuance of the defective warrant as against the original owner.

Appeal from special term, Kings county.

Action by Beatrice Presswood King against Arthur C. King, in which certain property of defendant was attached. Motion by Edwin C. Fronk, as vendee of an undivided one-fifth interest in the attached property, to vacate the warrant of attachment. From an order denying the motion, said Fronk appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

L. J. Morrison, for appellant.

Frank Harvey Field, for respondent.

GOODRICH, P. J. The action is brought to recover a sum of money alleged to be due to the plaintiff as assignee of a one-fifth interest in a promissory note made by the defendant. On November 26, 1900, the plaintiff procured an attachment against the property of the defendant, and on the same day filed in the office of the clerk of the county of Kings a notice of such attachment. Section 649, Code Civ. Proc. On December 5th the defendant, with his wife, conveyed to the appellant, Fronk, the undivided one-fifth part of the premises attached. On December 7th the defendant served a notice of motion for an order vacating the warrant on the ground that such warrant did not state fully the ground upon which it was granted, namely, that the defendant was not a resident of the state. The plaintiff also moved for an order to amend the warrant in the particular referred to. At the hearing on December 27th the court granted the motion to amend the warrant, and denied the motion to vacate. On appeal to this court both orders were affirmed. 59 App. Div. 128, 68 N. Y. Supp. 1089. On January 19, 1901, the appellant, Fronk, to whom the attached premises had been conveyed on December 5th, also moved, under section 682 of the Code of Civil Procedure, as a person who had acquired a lien upon or interest in the attached property subsequently to the issuing of the warrant, for an order vacating the attachment on the ground that the papers upon which the warrant was issued were insufficient to secure jurisdiction, in that they did not show a cause of action in favor of the plaintiff and against the defendant, and that the warrant did not comply with sections 641 and 636 of the Code of Civil Procedure by stating the ground on which the warrant was issued. The court denied the motion, and this appeal is taken by Fronk from such order.

On the former appeal we held, Mr. Justice Hirschberg writing, that the court had power, after the making of a motion by the defendant to vacate a warrant of attachment, to supply an omission in the warrant by amending the same. There is no difference in the power of the court to make such amendment as against the defendant and as against a person who, like the present appellant, claims to have acquired an interest in the property attached under' the warrant. The omission to state in the warrant the ground on which it was issued was a mere irregularity. In a well-considered opinion in Sulzbacher v. J. Cawthra & Co., 14 Misc. Rep. 545, 36 N. Y. Supp. 8, affirmed on opinion below in 148 N. Y. 755, 43 N. E. 990, the general term of the New York common pleas held that the general power of amendment allowed by the Code and inherent in the court applies to attachment proceedings, and that new affidavits might be introduced to supply defects in the original affidavit and to show facts authorizing the attachment. In the case at bar, as the affidavits on which the warrant was issued were sufficient to confer jurisdiction to issue the warrant, the omission of the warrant to state the ground upon which it was issued, as we have heretofore held, was one which could be cured by amendment. The court, having jurisdiction to issue the warrant, had power, under section 723 of the Code of Civil Procedure, to amend the process nunc pro tunc, and consequently the rights of the parties must be determined as if the warrant had been originally issued in proper form. As the appellant acquired his rights subsequently thereto, he secured by his deed no interest superior to that acquired by the plaintiff by virtue of her attachment. The order should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.