ROSENBLOOM et al. v. MAAS.

(Supreme Court, Appellate Term. November 3, 1905.)

DAMAGES—MEASURE—BREACH OF CONTRACT.

    Where defendant prevented plaintiffs from fulfilling the latter's contract to make certain repairs to defendant's buildings, at an agreed compensation, the measure of plaintiffs' damages was the difference between the agreed compensation and the cost of performance.

    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 335.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Hyman Rosenbloom and others against Tillie Maas. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Spiro & Wasservogel, for appellant.

Ellerstein & Harris, for respondents.

BISCHOFF, J.    Though originally in form to enforce a mechanics' lien, the action proceeded by consent as one to recover damages for the defendant's prevention of the plaintiffs' performance of a contract between the parties, whereby the latter had undertaken to make certain repairs to the former's buildings for the agreed compensation of $350.   Upon the trial, it appeared that it would have required about two weeks' time to complete the work, involving an outlay to the plaintiffs for materials and labor, and that after the plaintiffs had been engaged in the performance of the work for about two days the defendant arbitrarily refused to permit them to proceed. · The justice thereupon directed judgment for the plaintiffs in the full amount of the agreed compensation.   That this was error which calls for reversal is clear.   The measure of the plaintiffs' damages was the difference between the agreed compensation and the cost of performance (Devlin v. Mayor, 63 N. Y. 8; Wakeman v. Wheeler, etc., Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676; Baker Transfer Co. v. Merchants, etc., Mfg. Co., 12 App. Div. 260, 42 N. Y. Supp. 76; Dunham v. The Hastings Pavement Co., 95 App. Div. 360, 88 N. Y. Supp. 835), in other words, the profit which would have resulted to them had the plaintiffs been permitted to complete the work.

Carlisle v. Barnes, 102 App. Div. 573, 92 N. Y. Supp. 917, urged by the respondents as supporting the ruling of the court below establishes no contrary proposition.   There the contract for the breach of which the action was brought was one whereby the defendant had agreed to pay the plaintiff, a lawyer, a certain percentage of the recovery in proposed litigations, which the latter had engaged to conduct, and was prevented from so doing by the defendant's refusal to proceed with him.   The claims involved were subsequently successfully prosecuted by the defendant through other counsel.   It was held that since it did not appear that in the performance of the services the plaintiff would have been subjected to any outlay, the agreed compensation constituted the measure of his damages.   2 Sedgwick on Damages (8th Ed.) § 619; Collins v. Price, 5 Bing. 132; Baldwin v. Bennett, 4 Cal. 392; Hunt v. Test, 8 Ala. 713, 42 Am. Dec. 659; Sprague v. Morgan, 7 Ala. 952.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.