### BRANDLEY v. AMERICAN BUTTER CO.

(Supreme Court, Special Term, New York County. November 16, 1908.)

ATTACHMENT (§ 247*)—PROCEEDINGS—SUPPLEMENTAL AFFIDAVITS—LEAVE TO FILE NUNC PRO TUNC—POWER OF COURT.

Code Civ. Proc. § 683, provides that defendant in attachment may move to vacate the warrant, either exclusively upon the papers upon which it was granted or upon affidavits, in which case the application may be opposed by new proof by plaintiff by affidavit tending to sustain any ground for attachment recited in the warrant, and no other. *Held* that, where defendant presents no affidavits in attacking the attachment, plaintiff may be allowed to supply defects in the original moving papers which relate merely to the substance of the claim, but he cannot remedy jurisdictional defects by amendment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 853; Dec. Dig. § 247.*]

Action by Albert Russell Brandley against the American Butter Company. Motion by defendant to vacate a warrant of attachment, and cross-motion by plaintiff to file a supplemental affidavit nunc pro tunc and to amend the recitals in the warrant of attachment nunc pro tunc. Motion to amend denied. Motion to vacate granted.

Nathan Ottinger (Benjamin N. Cardoza, of counsel), for plaintiff. John P. Everitt, for defendant.

GIEGERICH, J. These are cross-motions, one by the defendant upon the papers upon which it was granted to vacate a warrant of attachment obtained by the plaintiff, and the other made by the plaintiff for leave to file nunc pro tunc as of the date of the original affidavit upon which the attachment was based a supplemental or amended affidavit and to amend nunc pro tunc the recitals contained in the warrant. The first question necessary to be passed upon is whether the court has any power to allow such supplemental or amended affidavit to be filed nunc pro tunc.

Section 683 of the Code of Civil Procedure provides that the defendant may move to vacate the warrant either exclusively upon the papers upon which it was granted or upon affidavits submitted on his own part, in which latter case the application may be opposed by new proof by affidavit on the part of the plaintiff tending to sustain any ground for the attachment recited in the warrant and no other. From this section it is apparent that, where the defendant assails the attachment upon proofs advanced by himself, the plaintiff is entitled as a matter of right to supply further evidence on his part. The question presented is whether, in a case where the defendant refrains from putting in affidavits in making an attack upon the attachment, there is any power in the court to allow the plaintiff the privilege of supporting the at-

tachment by putting in new matter. The defendant, on the one hand, claims that, unless the motion to vacate is based on affidavits, there is not only no right as a matter of course to a plaintiff to supply any defects in the original moving papers, but that there is not even any power in the court to grant permission to do so, and that the attachment must of necessity in such a case stand or fall upon the original papers upon which it was based. The plaintiff, on the other hand, insists that by virtue of its inherent authority, as well as by the express provisions of the Code relating to amendments, the court has power in its discretion to allow a plaintiff in a proper case to supply defects.

In support of his theory the plaintiff relies chiefly upon Sulzbacher v. Cawthra, 14 Misc. Rep. 544, 35 N. Y. Supp. 1118, being a decision of the General Term of the late Court of Common Pleas, which has added authority by reason of the fact that it was affirmed by the Court of Appeals (148 N. Y. 755, 43 N. E. 990) upon the opinion below. It will be found upon an examination of this case, however, that, while broad language is used in the opinion which might seem to lend some support to the claim of the plaintiff, the fact was that the attachment in that case was warranted and proper upon the original papers to the extent of $716.37, and that it was only as to the excess above that amount, the entire amount of the attachment being $15,017.05, that the original affidavit was insufficient. So, too, in King v. King, 68 App. Div. 189, 74 N. Y. Supp. 119, another case relied upon by the plaintiff, it will be found, notwithstanding the language used, that the real point in controversy was not the power of the court to allow the supplying nunc pro tunc of omissions in the affidavit, but to supply the omission of the warrant to state the ground upon which it was granted.

Furthermore, it is necessary to recognize the distinction between what may properly be termed a jurisdictional defect or omission in the affidavit and a defect of the kind existing in Sulzbacher v. Cawthra, supra, which defect related only to the amount the plaintiff was entitled to recover from the defendant, but did not in any way touch the jurisdiction of the court to entertain the action. In the instance before us, however, the defendant is a foreign corporation, and the jurisdiction of our courts to entertain the action must rest upon the fact that the contract was made within the state, because none of the other jurisdictional facts required by section 1780 of the Code of Civil Procedure is shown. The language of the court in Jacobs v. Hogan, 85 N. Y. 244, 245, is pertinent. It was there said:

"The affidavit wholly omitted to show that the plaintiff had any cause of action against the defendants upon which an attachment could be founded or to specify the grounds of his claim. These were fatal jurisdictional defects, which entitled the appellants to have it set aside. * * * We think that the defects in the affidavit were more than irregularities, and that they were jurisdictional defects, which deprived the justice of power to issue the attachment, and that the case stands as if the attachment had been issued without any affidavit."

My conclusion is that where the defect sought to be supplied relates to the substance of the claim, as distinguished from the jurisdiction of the court, then the defect can in a proper case be supplied under the

authority of Sulzbacher v. Cawthra, supra, but where it is jurisdictional in its character the proceeding is incurably defective and beyond the reach of any amendment. An examination of the original papers in their unamended form satisfies me that the motion to vacate should be granted.

The motion to amend is denied, and the motion to vacate is granted, with $10 costs of each motion.