JAY H. KOPPEL, Plaintiff, *v.* VIRGINIA ART GOODS STUDIOS, INC., Defendant.

City Court of New York, New York County, September 26, 1940.

*Nathaniel Phillips,* for the plaintiff.

*Dorsey, Adams & Walker,* for the defendant.

BYRNES, J. This is an application by defendant to vacate and set aside a warrant of attachment issued out of this court and directed for execution " to any Marshal of the City of New York " on the ground that such attachment is void and that under the provisions of section 28 of the New York City Court Act an attachment may be executed only by a sheriff and on the further ground that under the provisions of section 910 of the Civil Practice Act, so far as it refers to the person to whom a warrant of attachment is to be directed, it is set forth that the warrant may be directed to the sheriff and must require him to attach the property subject to attachment. Though improperly directed to the marshal it appears

that the warrant was in fact delivered to the sheriff of the county of New York for execution and that a levy thereunder was made by him.

The right of plaintiff to the attachment is not questioned. Nor is it claimed that the court was without jurisdiction to issue the warrant or that the sheriff to whom it was delivered and by whom it was executed was not the person authorized by law to execute the same. The error gave plaintiff no rights greater than those he was entitled to nor did it subject defendant or its property to any interference beyond that permitted by law. In these circumstances the wrongful designation was a mere irregularity and not a jurisdictional defect and hence under the express provisions of section 105 of the Civil Practice Act the court may not only disregard the mistake but is authorized to permit the warrant to be amended *nunc pro tunc* as of the date of its issuance by substituting the sheriff instead of the marshal as the party to whom it is directed. Cases somewhat analogous are. *King* v. *King* (68 App. Div. 189) and *Sulzbacher* v. *Cawthra & Co., Ltd.* (14 Misc. 545), in each of which it was held that in attachment proceedings the court, where it had jurisdiction, might relieve a party from the consequence of his failure to strictly observe statutory requirements and had ample power to amend the proceedings *nunc pro tunc*. That the mistake is not fatal to the validity of the warrant seems to be the general rule for in 7 Corpus Juris Secundum (p. 380) it is stated that where a warrant of attachment is improperly directed to the wrong officer such mistake is curable by amendment. It is further stated in the text that such improper direction of the writ has been held to be immaterial if it was in fact executed by the proper officer. For the reasons above set forth the motion to vacate is denied and leave to amend the writ *nunc pro tunc* is granted.

Order signed.