Barnard *v.* Darling.

---

## BARNARD and others *vs.* DARLING.

Irregularities in the proceedings in a court of law can only be objected to there. They cannot be taken into consideration in the court of chancery, in a creditor's suit brought upon the judgment at law.

The jurat to a bill of complaint is not rendered defective by the want of the statement of the county where the bill was sworn to.

Barnard *v.* Darling.

This was a creditor's suit. The bill was in the usual form of a creditor's bill, and purported to have been sworn to by the complainants in the usual manner, except that the statement in the jurat was in this form: " State of New-York, ⸺ county, ss." And the oath was signed " O. O., comm'r of deeds," without specifying the county or city for which the person signing it was a commissioner. It appeared, however, that he was in fac⁺ a commissioner of deeds for the city of Albany.

*C. P. Collier,* for the defendant, moved to dismiss the bill of complaint, or to have it taken off the files, for a variety of formal objections; most of which related to the regularity of the complainant's proceedings in the court of law. He also objected that the bill was not properly verified; the jurat not stating where the oath was administered.

*Otis Allen,* for complainants.

The Chancellor decided that objections to the regularity of the complainant's proceedings in obtaining their judgment at law, or in issuing and returning the execution, or in executing the same, could not be considered by this court; but that the defendant must apply to the court of law for relief. He also held that there was no validity in the objection to the form of the jurat; as the complainants could be convicted of perjury upon such a jurat, if they had sworn falsely; and that as the officer before whom the bill was sworn to was only authorized to administer the oath within the city of Albany, the legal presumption was that he had not violated his duty by doing it elsewhere.

Motion denied with costs.