Lawton v. Kiel.

LAWTON and others *vs.* KIEL and others.

Under the Code of Procedure, the only requisites for the issuing of an attachment are that the action should be for the recovery of money; that the same should be on contract; that the plaintiff should specify the amount of the claim, and the grounds of the demand; and that the defendants should be non-resident debtors.

A claim for damages arising upon the breach of a contract by the defendant to purchase sound corn for the plaintiffs, the breach complained of being that the corn was not sound, but heated, sour and unmerchantable, arises on contract, and the amount claimed is a fixed amount, being the difference between the amount paid and the amount at which the grain was sold.

An allegation, in the affidavit, that the defendants have property in this state, is not necessary to the issuing of an attachment.

It is not necessary that the affidavit should show the issuing of the summons. It is sufficient if the summons is issued, when the attachment is obtained, and if both are delivered to the sheriff together.

If the facts are sufficient, a warrant of attachment is not void for omitting to state one of them—as that the cause of action is in an action then pending.

The objection that an affidavit was sworn to before a commissioner in another state, but that no certificate of the secretary of state has been obtained as required by the statute of that state, is not fatal. The omission may be amended and supplied.

APPEAL by the defendants from an order denying a motion to vacate an attachment.

INGRAHAM, J. The defendants appeal from an order denying a motion to vacate an attachment. The attachment was issued against the defendants as non-resident debtors. The claim of the plaintiffs was for damages arising upon the breach of a contract on the part of the defendants to purchase for the plaintiffs sound corn, and the breach complained of was that the corn was not sound, but heated, sour and unmerchantable. The damages claimed was the difference between the cost price and the price at which the plaintiffs sold the same.

The first ground relied on is that the damages are unliquidated, and that in such a case the Code does not provide for an attachment.

The only requisites in the Code are that the action should be for the recovery of money; that the same should be on contract; that the plaintiffs should specify the amount of the claim, and the grounds of the demand; and that the defendants should be non-resident debtors.

All these facts are contained in the affidavit. The claim arises on contract, and the amount claimed is a fixed amount, being the difference between the amount paid and the amount at which it was sold.

It is not necessary here to decide whether if the damages were really unliquidated, and not ascertained in any way, an attachment could issue. Here every thing requisite is stated, and the damages also are ascertained if the plaintiffs are entitled to recover at all. There is a fixed sum ascertained by the sales and that sum is claimed by the plaintiffs. The case of *Ward* v. *Begg*, (18 *Barb*. 139,) is a general term decision in this district, and has not, that I know of, been overruled.

I do not think the cases which have been decided as to the form of the summons should be considered as controlling in regard to the issuing of attachments. If so, non-resident debtors cannot be proceeded against here for the

violation of contracts, even although they may have large amounts of property within the jurisdiction of the court.

The affidavit is not on information and belief. It states facts, most if not all of which are stated as within the knowledge of the party making it. That portion which states that the defendants have property in the state, on information and belief, is not necessary to the issuing of an attachment, and might have been omitted.

It is not necessary that the affidavit should show the issuing of the summons. It is sufficient if the summons was issued when the attachment was obtained. This is evidenced by the summons which accompanies the attachment, and if both are delivered together to the sheriff it is sufficient. The issuing of the summons applies rather to the time of having the property attached, than to the application to the judge.

The warrant states the existence of the cause of action, but does not state that it is in an action then pending. I do not know why the warrant was altered as it appears to have been, but still enough remains to comply with the requisites of the statute. If the facts are sufficient, the warrant is not void for omitting to state one of them.

The only objection of force is that the affidavit was sworn to before a commissioner in Kentucky, but no certificate of the secretary of state has been obtained, as required by the statute. That act (*Sess. L.* 1850, *ch.* 270, § 4,) requires that before any such affidavit shall be entitled to be used, the certificate shall be annexed. Here it has been used by the judge, and although the objection might have been then made, still I do not think it fatal. The omission may be amended and supplied.

Unless the plaintiffs cause the certificate to be annexed to the original affidavit within ten days after notice of this decision the order will be reversed. If so annexed the order is affirmed, without costs.

The plaintiffs may take the original affidavit from the files for this purpose, and must return the same duly certified within that time.

GEO. G. BARNARD, P. J. concurred.

SUTHERLAND, J. dissented.

[NEW YORK GENERAL TERM, January 6, 1868.  *Geo. G. Barnard, Sutherland,* and *Ingraham,* Justices.]

