WILLIAM PICKHARDT and ADOLF KUTTROFF,
Respondents, *v.* CARL ANTONY, Appellant.

*Attachment — application for, may be made before the commencement of the action —*
*Code of Civil Procedure, sec. 636.*

It need not appear from the affidavits used upon an application for an attachment, that the action has been commenced, or that a summons has been then issued.

Appeal from an order made at a Special Term, denying a motion to vacate an attachment.

*Thomas Brennan*, for the appellant.

*C. Bainbridge Smith*, for the respondents.

Per Curiam:

The defendant moved to vacate the attachment granted in this action, on the ground that the affidavits were jurisdictionally defective and did not warrant the granting of the same. The motion was decided against him, and from that decision he appeals. The appeal is sought to be maintained for the reason, first, that the affidavits, upon which the warrant was issued did not state that an action had been commenced or that a summons had been issued ; and secondly, that the facts do not warrant the accusation of a fraudulent disposition or secretion of property.

In reference to the first proposition, it may be said that the presentation of the affidavits and the granting of an attachment are not only evidence in themselves that an action has been instituted, but, as we shall see, conferred jurisdiction. It is not necessary to aver in the affidavits that the summons was issued. (*Lawton* v. *Kiel,* 51 Barb., 32.) Section 636 of the Code of Civil Procedure does not require a statement that an action has been commenced, but simply that one of the causes of action specified in section 635 exists, and that the defendant, if that be the ground on which the application rests, has removed, or is about to remove, his property from the State with intent to defraud his creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, his property with the like intent; and the plaintiff, after obtaining the attach-

ment, has thirty days in which to serve the summons. (Sec. 638.) The omission to refer to that process in the papers on which the application for the attachment rests is not, therefore, any evidence that it did not exist. And although section 416 declares that a civil action is commenced by the service of the summons, it also provides that from the time of the granting of the provisional remedy the court acquires jurisdiction and has control over the subsequent proceedings. As was said in the case (*Lawton* v. *Kiel, supra*), the issuing of the summons applies rather to the time of having the property attached than to the application to the judge.

The defendant's motion having been made upon the affidavits presented to the learned justice who granted the attachment, and it not appearing from them that a summons was not issued, upon the authorities referred to and the provisions of the Code they were sufficient. They clearly alleged an existing cause of action against the defendant for a sum of money over and above all counter-claims owing to the plaintiffs.

In reference to the second proposition, it is only necessary to say that we think the facts stated were sufficient to justify the conclusion that the defendant was guilty of an attempt to secrete his property, and for a fraudulent purpose.

For these reasons we think the order appealed from should be affirmed.

Present — Brady, P. J., and Daniels, J.

Order affirmed.