# SUPREME COURT.

## WILLIAMSON agt. WILLIAMSON.

*Summons — Service by publication — Papers upon which order for, may be made — Code of Civil Procedure, sections* 438, 439.

An order for the publication of a summons must be founded upon a verified complaint, showing sufficient cause of action against the defendant to be served.

Where a complaint was verified before a commissioner for the state of New York residing in Philadelphia, and no certificate of the secretary of state of the state of New York, certifying to the genuineness and official signature of the commissioner, was attached to the alleged verification:

*Held,* that such a complaint is not a verified complaint, and the justice who made the order for publication never acquired any jurisdiction to make this order.

*Special Term, February,* 1883.

LAWRENCE, *J.*—This is an action to obtain a judgment for an absolute divorce, on the ground of the adultery of the defendant. The plaintiff resides in the city of New York, and alleges in his affidavit that the defendant " is at present living with her infant child in the said city of Baltimore and state of Maryland ; that for the reason that defendant has not been within the state of New York for a period long prior to the commencement of this action, deponent has been unable to cause personal service of the summons herein to be made on defendant," &c. Upon the complaint and affidavit of the plaintiff an order was made on the 5th day of September, 1882, for the service of the summons upon the defendant by publication, and the defendant having made default, the cause was referred to a referee, who reported in favor of the plaintiff ; but said report has not been confirmed. The defendant now moves to vacate and set aside the service of the summons and order of publication, for the reason that the complaint presented to the justice granting the order of pub-

lication was not a verified complaint, no certificate of the secretary of state of the state of New York, certifying to the genuineness and official signature of the commissioner of the state of New York residing in Philadelphia, where the complaint purports to have been verified, being attached to the alleged verification of the complaint. Also, on the ground that the affidavit and order for publication failed to specify defendant's precise address in Baltimore, to which the summons should have been mailed. There is also in the notice of motion a general prayer that in case the application be denied on the above grounds, the default of the defendant be opened, and that she be allowed to come in and defend the action. In this case the order for the publication of the summons was founded upon a complaint purporting to have been verified before Lewin W. Barringer, a commissioner for the state of New York, resident in Philadelphia, Pennsylvania. By section 439 of the Code of Civil Procedure, the order for the publication of the summons must be founded upon a verified complaint showing sufficient cause of action against the defendant to be served, and proof by affidavit of the additional facts required by section 438. It is claimed that in this case no verified complaint was presented to the learned justice who granted the order for publication, for the reason that there was not attached to the certificate of the commissioner in Philadelphia a certificate of the Secretary of State certifying that such commissioner was duly authorized to administer such oath or affirmation, &c. I am inclined to the opinion that this objection is well taken, for the reason that the statutes provide that when any oath or affirmation shall be taken before any commissioner appointed in another state for this state, before the same shall be entitled to be used or read in evidence there shall be subjoined or affixed to the certificate signed and sealed by such commissioner a certificate under the hand and official seal of the secretary of state of this state, certifying that such commissioner was duly authorized to administer such oath or affirmation at the time his certifi-

cate bears date, and that the secretary is acquainted with the handwriting of such commissioner or has compared the signature to such certificate with the signature of such commissioner deposited in his office, and that he believes the signature and the impression of the seal of said certificate to be genuine (*See* 3 *R. S.* [*7th ed.*], 2231, *sec.* 2; *Id.*, 2226, *sec.* 4). Inasmuch as the statute requires that before any deed or other instrument, oath or affidavit, patent or record, shall be read in evidence, the certificate of the secretary of state required by the statute shall be attached to the certificate of the commissioner residing in the sister state, it seems to me conclusively to follow that there was no evidence before the learned justice who granted the order of publication in this case that there was a verified complaint showing a sufficient or any cause of action against the defendant. And yet, as we have already seen, section 439 of the Code requires that the order must be founded upon a verified complaint showing such sufficient cause of action. If the view which I take is correct, the learned justice who made the order for the publication of the summons never acquired any jurisdiction to make the order, the essential prerequisite to such jurisdiction — to wit, a verified complaint — being wanting in the case presented to him.