Angle, J.
It is objected to this motion that the affidavit on-which it is made is a nullity because it has no venue, and the objection must be sustained. Thompson v. Burhans, 61 N. Y., 63, and cases cited. The counsel for plaintiff urges that the defect is amendable under section 723, Code Civ. Pro. It appears that the marine court of the city of New York, in Clement v. Ferenbeck, have held that an affidavit may be amended. I have not access to any report of that case further than the statement to the above effect in Bliss Code, vol. 1, 611, n.
In Dexter v. Hoover (2 Cow., 526), in an affidavit for a certiorari, a mistake was made in the given name of the defendant in the judgment sought to be reviewed. On a motion to amend the affidavit in that respect, made before a return had been made to the writ, the court allowed a supplemental affidavit in the true cause to be made, stating the same facts as in the original affidavit, and directed _ the writ to be amended, a copy of the supplemental affidavit to ■be served on the justice, and that he make his return thereto as if it were an original affidavit.
In Cutler v. Rathbone (1 Hill, 204), an affidavit in replevin, drawn so as to raise an inference of its having been *173 made upon hearsay, was held insufficient, but amendable upon terms. See also other cases in replevin in Spaulding v. Spaulding (3 How. Pr., 297). In Goodall v. Demarest (2 Hilt., 534), an affidavit for an order for the second examination of a judgment debtor in supplemental proceedings omitted to show that the debtor had acquired property since the former proceedings; on a motion to vacate the second order the court said the affidavit was defective, but not as to any jurisdictional fact; it was, therefore, one of practice which might be supplied by amendment.
In Hees v. Snell (8 How. Pr., 185, note, 187), it appeared that one of the affidavits used upon a motion had neither a jurat or the signature of the officer before whom it was sworn; the party was granted leave to swear to it anew on payment of ten dollars costs of motion.
In Lawton v. Kiel (51 Barb., 30), an attachment had been issued upon an affidavit sworn to before a commissioner in another state, but no certificate of the secretary of state had been obtained as required by statute. A motion to vacate the attachment was made at special term and denied; on appeal from that order the court at special term said: “That act (Laws 1850, chap. 270, §4), requires that before any such affidavit shall be entitled to be used, the certificate shall be annexed. Here it has been used by the judge, and although the objection might have been made, still I do not think it fatal. The omission may be amended and supplied.” The case of Williamson v. Williamson (64 How. Pr., 450), was where the affidavit verifying a complaint had been taken in Pennsylvania, and no certificate of the secretary of state had been obtained, and upon the complaint thus verified an order for service of summons by publication had been obtained. Justice Lawrence, at special term, on a motion to set aside the service of summons and the order, held and said, at the conclusion of his opinion, “If the view which I take is correct, the learned justice who made the order for the publication of the summons never acquired any jurisdiction to make the order, the essential prerequisite to such jurisdiction—to wit, a verified complaint—being wanting in the case presented to him.” The report of that case does not show that any application to amend was made. In Fawcett v. Vary (59 N. Y., 597), the affidavit that no answer or demurrer had been served, filed with the clerk for the purpose of perfecting judgment by default, had been sworn to before a proper officer who had neglected to sign the jurat, and the omission was not discovered until after the entry of judgment; the court of appeals held that the supreme court had power, and that it was within its discretion to permit , the officer to sign nunc pro tune.
*174 The venue is prima facie evidence of the place where the affidavit was sworn to, and it is only prima facie evidence (Thurman v. Cameron, 24 Wend., 87, 92, 93), and an affidavit wanting a venue, or a statement in the jurat as to where it was taken contains no evidence that it was-sworn to within the jurisdiction of the officer administering-the oath, and it is prima facie a nullity, and that, I think is all that is held by the cases in which the court say that an affidavit without a venue is a nullity. If, in fact, the-affidavit in this .case was sworn to within the jurisdiction of the notary public, the omission of a venue, which would be prima facie evidence of such jurisdiction, does not invalidate the oath or render it a nullity, if it be shown that it was duly administered by a proper officer within his jurisdiction. The omission if a venue, I think may be supplied by amendment.
The case of Lawton v. Kiel, supra, indicates the proper order, which will be in substance that if said affidavit was, in fact, sworn to within the jurisdiction of the notary public, the affidavit may be amended by the notary by inserting a venue thereto within ten days after entry of the order on this decision, and on payment of ten dollars cost of this motion by the plaintiff to the defendant, and upon such amendment being made the order moved for in this application is granted. If such amendment is not made this motion is denied with ten dollars costs.