### CREAM CITY FURNITURE CO. v. SQUIER et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. MECHANIC'S LIEN—VERIFICATION OF NOTICE—CERTIFICATE AS TO COMMISSIONER.

Laws 1885, c. 342, § 4, provides that the notice of a mechanic's lien filed in the county clerk's office must be verified; and Laws 1850, c. 270, § 4, provides that before any affidavit taken before a commissioner out of the state shall be entitled to be used, recorded, or read in evidence, there shall be affixed to the certificate of such commissioner a certificate of the secretary of this state that such person is a commissioner for the state of New York. *Held,* that a notice of a lien, verified without the state before a commissioner for this state, and then filed without the required certificate by the secretary of state being affixed, is void.

2. SAME—SERVICE OF COPY OF NOTICE.

The fact that no copy of the notice filed with the clerk, together with the required certificate of the secretary of state, was served on the owner, as required by section 4 of the mechanic's lien act, within 10 days after the filing of the notice, avoids the lien.

Appeal from equity term.

Action by the Cream City Furniture Company against Albert C. Squier and others to foreclose a mechanic's lien. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

John C. Tomlinson, for appellant.

Alex. Thain, for respondents.

BOOKSTAVER, J. This action was brought to foreclose a mechanic's lien, and the first question to be determined on this appeal is whether the paper purporting to be the notice of mechanic's lien was, when filed in the county clerk's office, sufficient to create a lien or not; all the other questions raised by the appeal depending upon this one. The mechanic's lien act (Laws 1885, c. 342, § 4) provides that, in order to effect a lien, a notice of the lien, containing certain facts, must, within a certain time limited, be filed in the county clerk's office in the county where the property is situated, and that this notice of lien must be verified. If it is not verified when filed, it is a nullity. Conklin v. Wood, 3 E. D. Smith, 662, where it was held that a defective verification was fatal to the lien, and could not be amended. Keogh v. Main, 50 N. Y. Super. Ct. 183; Grey v. Vorhis, 8 Hun, 612. In this case the notice of lien was verified before a commissioner for the state of New York in Milwaukee, Wis., and was filed in the New York county clerk's office, without any certificate of the secretary of state that the person taking the verification was a commissioner for the state of New York; nor was such authentication supplied until some time after the commencement of this action, when it was taken from the files of the county clerk's office, and the certificate of the secretary of state was attached to it. Verification

out of the state is purely statutory, and in this case is regulated by section 4 of chapter 270 of the Laws of 1850, which provides that before any affidavit taken before a commissioner out of the state "shall be entitled to be used, recorded, or read in evidence, in addition to the preceding requisities, [relating to verification,] shall be subjoined or affixed to the certificate, signed and sealed by such commissioner as aforesaid, a certificate under the hand and official seal of the secretary of this state," etc.    The notice, therefore, was not entitled to be used, recorded, or read in evidence.    Florance v. Butler, 9 Abb. Pr. (N. S.) 63; Harris v. Durkee, 5 Civil Proc. R. 376; Tim v. Smith, 3 Civil Proc. R. 347, affirmed by the court of appeals, Id. 416.    But appellant contends that the verification was good as a verification without a certificate, and that this is all the mechanic's lien act requires.    The difficulty with this position is that the law before quoted says that such a verification is not entitled to be used unless accompanied by the certificate.    It is difficult to conceive how the filing of the notice was not a user of it within the meaning of this act; in fact it was the first use to which it could be put, and the chief one, and created the lien, if effective, provided it was subsequently followed by the other requirements of the mechanic's lien act.    Under section 844 of the Code, relative to affidavits taken in other states, which provides that the same must be taken before an officer authorized by the laws of the foreign state to take and certify the acknowledgment and proof of deeds to be recorded in that state, and that such verification must be accompanied by a certificate of his official character and the genuineness of his signature, it has been held that the absence of such certificate makes the affidavit a nullity.    See cases supra, and Phelps v. Phelps, 6 Civil Proc. R. 117, which was affirmed by the supreme court, 32 Hun, 642.    In Irving v. Campbell, 121 N. Y. 353, 24 N. E. Rep. 821, a certificate of acknowledgment, proved by a subscribing witness, omitted the place of residence of the subscribing witness.    It had been received and recorded by the register, and when the record was sought to be used for the purpose of making and establishing title it was said:    "We find no authorities holding that a material provision of the statute, expressly required to be stated, can be wholly disregarded, and a deed thus acknowledged lawfully admitted to record.    That a deed improperly recorded cannot be read in evidence has been determined in numerous cases."    Citing Morris v. Keyes, 1 Hill, 540; Clark v. Nixon, 5 Hill, 36.    See, also, Williams v. Culhone, (Com. Pl. N. Y.) 3 N. Y. Supp. 241.    And in 5 Amer. & Eng. Enc. Law, 443, the rule is laid down that, "in order that a deed may be recorded, and the record furnish constructive notice of its contents to subsequent purchasers, it must be acknowledged or probated before an officer duly authorized to take such acknowledgments or probates, and the deed must contain a certificate to that effect."    In view of the cases cited, we think that Lawton v. Kiel, 51 Barb. 32, although frequently cited on other points, can no longer be regarded as authority for holding that the affidavit can be used without a certificate, especially in view of the fact that it was decided by a divided court.    There is still another difficulty with the plaintiff's case.    The mechanic's lien

act (section 4) requires that a copy of the notice filed with the county clerk must be served·upon the owner or other person interested by delivering a copy of that notice to him within 10 days after the filing. As far as appears from the case, no copy of that notice, with a certificate of the secretary of state, was ever served upon the defendants. Besides, the secretary of state's certificate, as before shown, was not attached to the notice on file in the county clerk's office until some time after the commencement of this action. Having arrived at this conclusion, it is unnecessary to consider the other questions raised upon this appeal, as they all fall with this one. The judgment should therefore be affirmed, with costs. All concur.