(74 App. Div. 368.)

### FISHER v. BLOOMBERG.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. ATTACHMENT—AFFIDAVIT—VENUE—AMENDMENT NUNC PRO TUNC.

   Where, in an affidavit for an attachment, the venue was omitted, and on a motion to amend by supplying the omission nunc pro tunc it is shown that the affidavit was in fact sworn to before a proper officer within his jurisdiction, the court has power to grant the amendment under Code Civ. Proc. § 723, providing that the court may at any stage of the action, in furtherance of justice, amend any proceeding by correcting a mistake.

   Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Alexander S. Fisher against Joseph H. Bloomberg. From an order denying a motion to vacate an attachment, defendant appeals. Affirmed.

¶ 1. See Attachment, vol. 5, Cent. Dig. § 329.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, and LAUGHLIN, JJ.

Thomas F. Gilroy, Jr., for appellant.
C. F. Goddard, for respondent.

McLAUGHLIN, J. The defendant moved upon the papers upon
which an attachment was granted to vacate the same. Intermediate
the making of the motion and its hearing the plaintiff obtained an
order to show cause why he should not be permitted to supply
nunc pro tunc a defect in one of the affidavits upon which the at-
tachment was based. The defect sought to be supplied was the
omission of the venue. Both motions were heard together, at the
close of which an order was made granting leave to the plaintiff
within 10 days to amend such affidavit nunc pro tunc by inserting
the venue, viz., "County of New York, ss.," and, if such amend-
ment be made within that time, that the defendant's motion "be, and
the same hereby is, in all respects denied." It is from this order
that the defendant appeals.

We are of the opinion that the court had power, under section
723 of the Code of Civil Procedure, to grant the amendment. In
Sulzbacher v. J. Cawthra & Co., 14 Misc. Rep. 545, 36 N. Y. Supp.
8, affirmed on opinion below, 148 N. Y. 755, 43 N. E. 990, it was
held that the general power to amend allowed by the Code applies
to attachment proceedings, and in King v. King, 68 App. Div. 189,
74 N. Y. Supp. 119, that the omission of a warrant of attachment
to state the ground upon which it was issued was one which could
be cured by amendment.

The venue is only prima facie evidence of the place where an affi-
davit is sworn to. Thurman v. Cameron, 24 Wend. 87. Here the
affidavit, while it does not contain a venue, purports to have been
sworn to before a notary public of Kings county, whose certificate
of authority to administer an oath was filed in the county of New
York. The omission of the venue, however, at most made the
affidavit prima facie a nullity, but the affidavit was in fact sworn to
within the jurisdiction, as appears from the affidavit used to procure
the amendment, of the notary who administered the oath; and there-
fore the omission of the venue did not invalidate the oath, nor did it
render the affidavit a nullity when it appeared that the oath was duly
administered. Parker v. Baker, 8 Paige, 428; Barnard v. Darling, 1
Barb. Ch. 218; Lawton v. Kiel, 51 Barb. 30; Smith v. Collier, 3 N. Y.
St. Rep. 172; People v. Stowell, 9 Abb. N. C. 456; Fawcett v. Vary,
59 N. Y. 597.

In Lawton v. Kiel, supra, it was held that the omission from an
affidavit on an attachment, sworn to before a commissioner without
the state, of the certificate of the secretary of state, was not fatal,
but might be supplied by amendment. In Babcock v. Kuntzsch, 85
Hun, 33, 32 N. Y. Supp. 587, the omission of the words, "City of
Syracuse, ss.," from the venue, was permitted to be supplied by amend-
ment, the court saying: "The omission does not invalidate the oath
or render the affidavit a nullity when it is shown, as in this case, that it

was duly administered by a proper officer within his jurisdiction, and the omission of the venue may be supplied by amendment." In people v. Stowell, supra, it was held that an affidavit which had no venue, but which appeared to have been sworn to before a proper officer, would not be presumed to have been improperly taken, the court there saying: "As the oath does not appear to have been taken out of the jurisdiction of the city clerk, it is not to be presumed that he was guilty of a breach of duty in administering the oath at a place out of the limits of his jurisdiction." See, also, Crosier v. Steamboat Co., 27 Hun, 216. And in Fawcett v. Vary, supra, it was held that where the affidavit that no answer or demurrer had been served, filed with the clerk for the purpose of perfecting a judgment by default, is properly sworn to before a proper officer, who neglects to sign the jurat, and the omission is not discovered until after the entry of judgment, the court has power, and it is within its discretion, to permit the officer to sign nunc pro tunc.

Under the section of the Code referred to and the authorities cited, we are of the opinion that the court had the power to grant the amendment, and, under the facts presented, that such power was properly exercised. The attachment is also attacked upon other grounds, but they do not seem to be of sufficient importance to be here considered.

The order is right, and should be affirmed, with $10 costs and disbursements.

PATTERSON and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. The attachment was also amended in a material point.