(45 Misc. Rep. 59.)

### ROSENBLATT v. JERSEY NOVELTY CO.

(Supreme Court, Special Term, New York County. September Term, 1904.)

1. FOREIGN CORPORATIONS—ACTIONS AGAINST—JURISDICTION.

In an action brought by a nonresident against a foreign corporation under Code Civ. Proc. § 1780, allowing such an action where the cause of action arose within the state, in determining whether the cause of action did so accrue the allegations of the pleadings alone may be considered.

2. SAME.

Where the breach of a contract between a nonresident and a foreign corporation occurred in the state of New York, its courts have jurisdiction, no matter where the contract was made.

3. SAME.

The question of jurisdiction of the subject-matter of an action may be raised by demurrer or answer.

4. INJUNCTION—AFFIDAVIT—CORRECTION.

Where original affidavits used on a motion for an injunction pendente lite are imperfect, in that the certificates authenticating the notary's signature are not attached, the defect may be corrected.

Action by Harry M. Rosenblatt against the Jersey Novelty Company. Motion for injunction pendente lite. Granted on condition.

Walter M. Rosenbault, for plaintiff.
Jeroloman & Arrowsmith, for defendant.

CLARKE, J. Plaintiff makes motion for an injunction pendente lite restraining the defendant from selling or delivering to any persons other than plaintiff certain bag frames in violation of a contract to manufacture and sell such frames exclusively for plaintiff. The defendant does not deny the contract, and, although denying the breach, resists the motion upon the ground that the plaintiff is a nonresident, and the defendant is a foreign corporation. It is urged that this court has no jurisdiction of the cause of action. Section 1780 of the Code of Civil Procedure provides:

"An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: * * * (3) Where the cause of action arose within the state."

In determining whether the cause of action arose within the state, the allegations of the pleadings alone may be considered. The fifth paragraph of the complaint states:

"That in violation of its said promise the defendant did secretly manufacture and sell bag frames of the aforesaid description to various dealers and manufacturers in the city of New York and elsewhere."

Judge Danforth, in Hibernia Nat. Bank v. Lacombe, 84 N. Y. 367, 384, 38 Am. Rep. 518, quoting from the leading English case (Durham v. Spence, L. R. 6 Ex. Cas. 46), says:

"The cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done. But the time when the cause of action arises determines also the place where it arises, for, when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises."

Since this decision, our courts have uniformly held that actions between nonresidents and foreign corporations may be maintained in this state, under section 1780 of the Code of Civil Procedure, if the breach of the contract occurred within this state, no matter where the contract was made. Toronto General Trust Co. v. Chicago, B. & Q. R. Co., 32 Hun, 192; Perry v. Erie Transfer Co., 19 N. Y. Supp. 239, 28 Abb. N. C. 430, and note; Hilleary v. Skookum Root Hair Grower Co., 4 Misc. Rep. 127, 131, 23 N. Y. Supp. 1016; Gundlin v. Hamburg-Am. Packet Co., 8 Misc. Rep. 291, 295, 28 N. Y. Supp. 572; D., L. & W. R. Co. v. N. Y., S. & W. R. Co., 12 Misc. Rep. 230, 33 N. Y. Supp. 1081; Shelby Steel Tube Co. v. Burgess Gun Co., 8 App. Div. 444, 40 N. Y. Supp. 871. The question of jurisdiction of the subject-matter of the action is properly raised by demurrer or answer. Atlantic & Pacific Telegraph Co. v. B. & O. R. Co., 87 N. Y. 355; D., L. & W. R. Co. v. N. Y., S. & W. R. Co., 12 Misc. Rep. 230, 33 N. Y. Supp. 1081. But from the facts now before the court it appears to have jurisdiction to grant the relief prayed—limited, however, to violations within this state.

The prayer for a general restraint of the foreign corporation defendant is too broad. The orders and decrees of a court have no extraterritorial effect or force. The order will therefore be confined to the sales and deliveries complained of within this state.

The certificates to authenticate the notary's signature may be supplied to perfect the moving papers. Lawton v. Kiel, 51 Barb. 30, cited with approval in Fisher v. Bloomberg, 74 App. Div. 369, 77 N. Y. Supp. 541. Upon annexing such certificate to the original affidavits within 10 days, the motion will be granted as indicated, with $10 costs; otherwise denied, with $10 costs.

Ordered accordingly.