## Carl Bushnell et al., Appellees, v. Horace L. Brand, Appellant.

### Gen. No. 21,012.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed June 1, 1916.

### Statement of the Case.

Action by Carl Bushnell and others, plaintiffs, against Horace L. Brand, defendant, to recover balance due on a construction contract. From a judgment for plaintiffs, defendant appeals.

The action was based on a written contract in part as follows:

"It is further agreed that the party of the first part (plaintiffs) contracts and agrees to furnish all the material, labor, tools, etc., and to complete and finish for the said party of the second part (defendant), all the general work required for the remodeling of the Illinois Staats Zeitung Building, 24-28 South Fifth Avenue, in said City of Chicago, * * * according to the foregoing specifications, and to the full and complete satisfaction of Hill & Woltersdorf, Architects and Superintendents, as aforesaid (said second party), doth hereby agree to pay to the said first party as the work progresses, and as the same shall be certified to by the said superintendents, from time to time, a sum equal to the actual cost of material furnished by party of the first part and attested to by the architects plus the actual cost of labor expended by the party of the first part, which sum shall be attested to by said architects, plus the arbitrary sum of 15% upon the total of the two aforesaid amounts, namely, the cost of material plus the cost of labor therein."

"It is further agreed * * * that one-half of the aforesaid 15% * * * shall be reserved * * * and

held by the second party until the full completion of the work under this contract as security for the proper execution of the work stipulated by this supplementary agreement by the party of the first part * * * ."

In the process of remodeling said building plaintiffs sublet contracts for certain of the work in connection with said building, aggregating $9,749.17. Between February 21, 1912 and May 1, 1912, defendant's architects, Hill and Woltersdorf, issued to plaintiffs three certificates to the effect that plaintiffs were entitled to the sum stated therein for general work and material furnished under said supplementary agreement, each of which certificates were paid by defendant. The amounts thus paid included the cost of the subcontracts plus fifteen per cent. less seven and one-half per cent. to be retained by defendant under said agreement until the completion of the work in question. About May 1, 1912, a dispute arose between the parties as to commission on subcontracts, resulting, on June 15, 1912, in an agreement that whether plaintiffs would receive fifteen per cent. or seven and one-half per cent. upon all subcontracts let by them should be determined by arbitration, and thereupon plaintiffs proceeded with and completed the work. Altogether, defendant's architects certified to him that plaintiffs had furnished, under said agreement, material and labor amounting to $35,130.98, and that "7½% on subcontracts in the sum of $9,749.17, amounting to $731.19, to be settled by arbitration." Subsequently, upon advice of counsel, defendant refused to appoint an arbitrator upon the ground that there was nothing to arbitrate.

It is contended by defendant that under said agreement plaintiffs were only entitled to receive from defendant the arbitrary sum of fifteen per cent. on the actual cost of material and labor furnished by plaintiffs, and that as the material and labor furnished by the subcontractors included a profit to such subcontractors, such material and labor did not come within

the terms of such agreement. Defendant also contended that the court erred in admitting evidence of custom in the building trade in Chicago (which evidence tended to show that general contractors were permitted to sublet contracts), and that the court further erred in giving improper instructions in behalf of plaintiffs and in refusing to give proper instructions offered by defendant.

BREDING & GESAS, for appellant.

NORMAN K. ANDERSON, for appellees.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 109*—*what is extent of recovery on by contractor subletting work to another.* Where, under a contract for remodeling a building, whereby the owner agrees to pay the contractor the actual cost of labor and material furnished plus a certain percentage thereof, the contractor lets out the work to a subcontractor, he is entitled to recover only the actual cost of such labor and material to such subcontractor plus the specified percentage thereon, and not the amount for which such subcontract was let plus such percentage thereon.

2. CONTRACTS, § 164*—*when evidence inadmissible to modify terms of.* Where a written contract is free from ambiguity, evidence of any custom that would vary or modify its express terms is inadmissible.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.