**B. F. CHURCHILL, Plaintiff,**

v.

**Andy ANDERSON, Defendant.**

**Civ. No. 2405.**

United States District Court,
W. D. Kentucky, at Louisville.
March 4, 1955.

John Grady O'Hara, Knoxville, Tenn., Earl S. Wilson, Bullitt, Dawson & Tarrant, Louisville, Ky., for plaintiff.

Ernest Woodward, Louisville, Walter Catinna, Hartford, L. Lyne Smith, Woodward, Hobson & Fulton, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This action was filed July 9, 1952 by the plaintiff, B. F. Churchill, a resident of Tennessee, against the defendant Andy Anderson, a resident of Kentucky, to recover the alleged balance of an amount equal to ten percent of the construction cost of a six hundred seat theater, a drug store and three store buildings in the town of Hodgenville, Kentucky.

The period of construction under plaintiff's supervision began on March 24, 1949 and ended January 9, 1950, on which latter date the building project was approximately ninety percent complete.

The complaint alleged that there was due plaintiff in excess of $3,540.33, after allowing defendant credit for $7,300 paid during the progress of the work.

The defendant by answer admitted contracting with plaintiff and agreeing to

pay him an amount equal to ten percent of the construction costs of the building but denied owing plaintiff any sum whatever.

By counterclaim, defendant alleged that the heating and air conditioning systems, the walls, roof and stage equipment were so negligently and carelessly constructed and installed that the roof and walls leaked, the furnace in the heating system blew up, the air conditioning system would not function properly and the curtain would require extensive repair because of its inefficient installation. He alleged that plaintiff took and carried away from the job a portable electric welder, the property of defendant, and of the value of $600. It was further claimed that by inefficient supervision of the work and paying wages to employees who were not required to work, the cost of the building was unnecessarily augmented. This latter claim was particularly leveled at the compensation of Charles (Chic) Churchill, a son of plaintiff, to whom there was paid $2,938.80 and that of Frank B. Churchill another son, to whom there was paid $979.35.

Defendant claimed that the sons were partners with their father and could be compensated only by plaintiff out of the ten percent which he said should go to B. F. Churchill and Sons the real contracting party plaintiff.

The allegations of the counterclaim were denied by reply and the case was tried to the Court without a jury.

The Court, from the stipulations of the parties and the evidence heard, makes the following—

Findings of Fact.

1. The plaintiff, B. F. Churchill, was at all times material to this action a resident of the State of Tennessee. The defendant, Andy Anderson, was at all such times a resident of the Western District of Kentucky.

2. The amount in dispute between the parties and in controversy exceeds $3,000 exclusive of interest and cost.

3. Shortly prior to March 24, 1949, as result of a short series of telephone and personal conversations, the plaintiff, B. F. Churchill and defendant, Andy Anderson made an agreement by which, in consideration of an amount to be paid plaintiff by defendant equal to ten percent of the total cost of construction, the former agreed to raze a building then standing on the proposed building site of a theater and four store buildings in the town of Hodgenville, Kentucky, and to design and supervise the building of the theater and store buildings.

4. It is the contention of the defendant that under the terms of the agreement the plaintiff was to be paid an amount equal to ten percent of the costs of "labor and materials used by plaintiff and his crew in such construction work as plaintiff and his crew should do under the direct supervision of the plaintiff"; that plaintiff was to receive no compensation based upon a percentage of cost of labor or materials under contracts entered into by defendant with workmen other than plaintiff's.

5. The plaintiff's contention is that he was to be paid an amount equal to ten percent of the cost of the building, i. e. cost of labor and material.

6. From the evidence heard and the exhibits filed the Court finds the total cost of construction $122,340.08 including following items and amounts, which the parties stipulate should be deducted for the purpose of finding plaintiff's compensation:

| | |
|---|---|
| B. F. Churchill drawing account | $6,800.00 |
| Freight on air-conditioning parts | 10.49 |
| Seats | 7,607.30 |
| Sound Equipment | 1,178.32 |
| Poster Frames | 715.74 |
| Two Simplex Projects | 450.00 |
| Carpeting | 2,585.23 |
| Wheelbarrow | 22.00 |
| Weedburner | 22.56 |
| Air-conditioning | 6,395.84 |
| Total | $25,787.48 |

Deducting the total of $25,787.48 from $122,340.08, leaves $96,552.60. To this last found sum there should be added the following amounts which are hereby held to be amounts constituting cost of construction:

I. Amounts paid as premiums on plaintiff's payrolls on account of Workmen's Compensation Insurance

II. Social Security payments on payroll to Department of Health, Education and Welfare.

III. Unemployment compensation Tax to State of Kentucky

Total of I, II and III $2,500.00

IV. Water service charge paid City of Hodgenville which is allowed for nine months at average of ten dollars per month 90.00

V. Finish Hardware 50.00

Total $2,640.00

Adding the amount of $2,640 to $96,-552.60 makes the total cost of construction in labor and materials of the building project of $99,192.60, upon which the percentage due plaintiff is to be calculated.

7. The defendant seriously contends that this amount, $99,192.60, should be reduced by the amount of $22,237.15 representing the total of the following items and amounts.

I. Plastering contract, including supplies and materials $3,078.21

II. Electrical contract, including materials and supplies 6,006.75

III. Marquee 4,150.00

IV. Motion picture screen 135.38

V. Air conditioning ducts 2,894.66

VI. Glass Contract 3,240.00

VII. Draperies and Curtains 2,396.75

VIII. Adjustment in lumber bills 335.40

Total $22,237.15

These items, defendant claims, should not be considered a part of construction which the plaintiff supervised and therefore the amounts should not be considered parts of the whole of costs of labor and materials upon which plaintiff's percentage of compensation should be calculated.

■ The plastering, electrical wiring, the marquee, the motion picture screen, the window glass, are all essential parts of the theater building. The fact that a plasterer and electrician were employed who were neither employed by plaintiff at the time he contracted with defendant to plan and supervise the building has no bearing on the question. It is not contended that the agreement limited plaintiff's compensation to a percent of cost of items to be constructed by employees of plaintiff at that time or regularly in his employ. However, the item of draperies amounting to $72.25 should be deducted. Draperies are not fixtures and there is no evidence in the record to justify a finding that the draperies were contemplated as being within the construction costs. This is not true as to the marquee, the motion picture screen and the curtain.

This leaves the final construction cost upon which plaintiff's percentage should be calculated as $99,120.35.

8. On this finding, plaintiff's total compensation would be $9,912.03. Plaintiff has been paid $6,800 and should be charged $600 as the value of the electric welder which he appropriated to his own use while on the job. This leaves a balance due plaintiff of $2,512.03.

Conclusions of Law.

I. The Court has jurisdiction of the parties and the subject matter of this action. Title 28 U.S.C. § 1332(a) (1).

■ II. The Court has endeavored to arrive at the intention of the parties and the elements of costs of construction contemplated by them at the time the contract was made.

"The principles of law governing the construction of contracts gen-

erally * .*. * are applicable to building and construction contracts". 9 American Jurisprudence 8.

III. In the case of Netter v. Scholtz, 282 Ky. 493, 496, 138 S.W.2d 951, 953, the Court defined the word "building" as follows—

"The more restricted meaning of the word building as ordinarily used and understood is a structure enclosing space within walls and roof. Small v. Parkway Auto Supplies, 258 Mass. 30, 154 N.E. 521, 49 A.L.R. 1361; Nowell v. Boston Academy of Notre Dame, 130 Mass. 209. However, in its broadest sense it may include any character of structure according to the connection in which it is used and the purpose sought to be effected by its use."

 Defendant sought out the plaintiff because of his reputation as a builder of picture theaters and the reasonable inference to be drawn from the evidence concerning their negotiations is that plaintiff was to plan and supervise the building project so that the theater particularly and the stores secondly would be suitable for those respective purposes.

IV. The allowance to plaintiff on the amounts paid the plastering contractor, the builder of the marquee and for the electrical work is supported by precedent. Grafton Hotel v. Walsh, 4 Cir., 228 F. 5; Bushnell v. Brand, 199 Ill.App. 542; Hamilton v. Coogan, 7 Misc. 677, 28 N.Y.S. 21, affirmed without opinion, 148 N.Y. 753, 43 N.E. 987; Washington Construction Company v. Spinella, 8 N.J. 212, 84 A.2d 617, 28 A.L.R.2d 863.

V. The inclusion of the wages paid Charles Churchill, who may be said to have been a working supervisor, was proper. Winston & Co. v. Clark County Construction Co., 186 Ky. 743, 217 S.W. 1027.

VI. The Court has failed to find sufficient evidence to uphold defendant's counterclaim for damages arising out of a leaking roof and a defectively installed furnace. The evidence is convincing that the fault in the roof was traceable to misuse of the roof after plaintiff had terminated his work.

The explosion in the furnace occurred a considerable time after it had been in use by defendant and no evidence remotely connects the explosion with inferior or defective installation.

Conclusion.

The Court concludes that the plaintiff is entitled to a recovery of $2,279.58 and judgment for that amount with interest and cost will be presented by Counsel for plaintiff on notice to defendant's Counsel.