**D. C. EDWARDS & COMPANY,**
**Appellant,**

v.

**Herbert E. FISHER et ux, Appellees.**

**No. 17550.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 27, 1980.

Rehearing Denied Jan. 2, 1981.

Jerry L. Elmore, Edwin H. Frank, Jr., Houston, for appellant.

Fulbright & Jaworski, Owen W. Cecil, Daniel K. Hedges, Houston, William Harvey Betts, Hempstead, for appellees.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a judgment rendered in a suit involving a cost plus contract for the construction of a residence. Appellees, hereinafter called Fisher, were plaintiffs and cross-defendants in the trial court. D.C. Edwards, and wife, Marion Edwards, hereinafter called Edwards, were defendants and cross-plaintiffs therein. The jury found that neither party was entitled to damages and a take nothing judgment was entered as to both parties. Only Edwards has appealed.

D.C. Edwards & Company is solely owned by D.C. Edwards and his wife, Marion Edwards. The company is in the business of building custom houses. The Edwards and the Fishers were members of the same church and were friends. Edwards contracted to construct a residence for Fisher on a cost plus a 20% markup of the "costs of work" as defined in the contract. After the house was substantially completed, Fisher occupied it and refused to make further payments of invoices submitted by Edwards. Edwards filed a Mechanics and Materialmans Lien Affidavit in the records of Waller County, Texas, and Fisher brought suit to set aside the lien and for damages. This petition was later amended to allege a cause of action under the Texas Deceptive Trade Practices and Consumer Protection Act. Edwards answered and asserted a cross-action alleging that some $140,000.00 was due him under the terms of the construction contract.

Seventeen special issues were submitted to the jury, and in answer to special issue number 17 the jury found that Edwards was not due any money for the substantial completion of the contract in addition to the amount already paid him.

The trial court then entered a judgment that Fisher take nothing from Edwards; that Edwards take nothing against Fisher; that the Mechanics and Materialmans Lien be cancelled; and that all costs be taxed equally.

Edwards asserts that the answer made by the jury to special issue no. 17 is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. In response to this assignment of error, Fisher states:

"Much of Edwards' argument goes to the amount of the subcontractors' bills and the fact that Edwards paid those bills. These facts are not contested by Fisher. Fisher owed nothing to Edwards beyond what he had paid because Edwards did not deliver "proper performance" under the contract and because Edwards' markups on the overhead and profits of his subcontractors was unconscionable."

Section 5.1(a), Article V. of the contract provides:

Owner shall pay to contractor for the performance of work and the furnishing of the materials under this agreement ... the sum of the cost of materials, labor and services, including contractor's fee of 20% of the total cost of materials, labor and services (i. e. 20% of the Cost of Work). . . .

(b) 10% of all amounts payable to contractor hereunder, including contractor's fee, shall be withheld by owner until thirty-one (31) days after architect has issued his certificate of final completion and owner has accepted the improvements. ... (e) The term "cost of work" shall mean costs necessarily incurred in the proper performance of the work and paid by the contractor. Such costs shall include the items set forth below: ... (iii) Payments made by the contractor to subcontractors for work performed pursuant to subcontracts under this agreement.

The contract further provided that the contractor shall have the right to subcontract any of the construction provided for in the contract.

The principal question is whether or not Edwards was entitled to charge 20% of the total bill of the subcontractors' or whether he was confined to that portion of the subcontractor's bid which reflected the actual cost to the subcontractor of the materials and labor performed. This question has been discussed in only a few cases and, apparently, none at all in Texas. In *Grafton Hotel Co. v. Walsh*, 228 F. 5 (4th Cir. 1915), the court had before it a contract reading: " ... the sum to be paid by the owner to the contractor for said work and materials shall be 10% commission on the cost of the work. . . ." In construing this contract the court stated that " ... the use of the term 'cost of labor and material' was intended to mean such amounts as might be paid by appellee for labor and material, and was not intended to include any profit that might be made by subcontractors due by their contracts with the appellee. In other words, it clearly appears from the contract that appellant was to pay only the cost of the labor and material necessary for the construction of the building and in addition thereto 10% as commissions. Such being the case, appellee would not be entitled to commissions on such labor and material as may have been allowed to the subcontractor. . . ." Id. at 10.

The same result appears to have been reached in the case of *Bushnell v. Brand*, 199 Ill.App. 542 (1st Dist. 1916). The full opinion was not reported but an abstract of the decision states:

"Where, under a contract remodeling a building, whereby the owner agrees to pay the contractor the actual cost of labor and material furnished plus a certain percentage thereof, the contractor lets out the work to a subcontractor, he is entitled to recover only the actual cost of such labor and material to said subcontractor plus a specified percentage thereon, and not the amount for which such contract was let plus such percentage thereon."

On the other hand in *Hamilton v. Coogan*, 7 Misc. 677, 28 N.Y.S. 21, affirmed without opinion, 148 N.Y. 753, 43 N.E. 987. The Court of Common Pleas of New York City and County in 1894 held that where a building contract provides that the contractor shall receive as compensation the cost of labor and material used in the building, and 10% added thereto as profit, the amounts paid by the contractor on subcontracts for various portions of the work, including the customary profits of the subcontractors, will be considered as the cost of labor and material in estimating the amount due the contractor. The court stated: " ... it is more reasonable to conclude that what the parties intended by the cost of labor and material was the actual charge of the several contracting mechanics for the portion of the work done by each, and his profit upon what he paid his workmen, and the price of the material they used, as it represented the necessary expenses of supervision and skill in directing the performing the work in a workmanlike manner, and the maintenance of facilities for the proper performance of his contract ... the common understanding of the cost of labor and material in the

erection of such a structure as was contemplated in the contract of the defendant is the customary charge of contractors for doing such work and furnishing such material. . . ." *Hamilton v. Coogan*, supra, was followed in *Churchill v. Anderson*, 128 F.Supp. 425 (W.D.Ky.1955).

■ When a building contract is in writing and is free from ambiguity, its construction is a question for the court and not for the jury. Where a contract is so worded that it is susceptible to a certain legal meaning, it is not ambiguous. *City of San Augustine v. Roy W. Green Co.*, 548 S.W.2d 467 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). The question of whether a contract is ambiguous is one of law for the court. In the interpretation of contracts the primary concern of courts is to ascertain and give effect to the intention of the parties as expressed in the instrument. To achieve this object the court will examine and consider the entire instrument so that none of the provisions will be rendered meaningless. If a written instrument is so worded that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous. If after the application of the appropriate rules of interpretation to the instrument, it is genuinely uncertain as to which one of two meanings is the proper meaning, the contract is ambiguous. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex.1980). Upon applying the above rules of law to the previously quoted provisions of the contract, we are of the opinion that the contract is susceptible to a certain legal meaning.

■ The contract specifically provides that the owner will compensate the contractor by paying 20% of the cost of work. The term "cost of work" is defined in the contract as meaning cost necessarily incurred in the proper performance of the work and paid by the contractor. The contractor is specifically authorized to subcontract any or all of the work to be performed. If the work performed by the subcontractor is necessary to the proper performance of the contract, the cost of that work is necessarily incurred within the definition of "cost of work." It is a matter of common sense to recognize that a contractor to be successful must include in his bid on a job the cost of overhead reasonably applicable to that job, the cost of materials and labor necessary in the performance of the job, and some amount of profit. Clearly the parties to this contract intended that the contractor would be entitled to subcontract such part of the work involved in the construction of this residence as he desired. The parties contemplated that the contractor would pay the subcontractor and then be entitled to reimbursement from the owner of the amount actually paid plus 20% thereof.

■ Evidence is undisputed that the owner has not paid in full the amount of the invoices for labor and materials, including the agreed compensation to subcontractors, approved by the architect and submitted for payment. The question of whether Edwards delivered "proper performance" under the contract is immaterial in view of the fact that the jury has found substantial performance of the contract.

■ Where there has been substantial performance of the contract, a contractor is entitled to recover the contract price less the damages sustained by his failure strictly to perform. *Perryman v. Sims*, 506 S.W.2d 753 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.).

■ The finding made by the jury in response to special issue no. 17 is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Fisher has not appealed from the judgment rendered against him by the trial court.

The trial court's judgment that D.C. Edwards and Company, D.C. Edwards, and Marion Edwards take nothing upon their counterclaims asserted against Herbert E. Fisher and wife, Margaret Fisher, is reversed and this cause is remanded to the trial court. Likewise the portion of the judgment ordering the Mechanics and Materialmans Lien Affidavit cancelled and set aside is reversed. That portion of the judgment decreeing that Herbert E. Fisher and wife, Margaret Fisher, take nothing from

D.C. Edwards and Company, D.C. Edwards, and wife, Marion Edwards, is affirmed. All costs of court are taxed against Herbert E. Fisher and wife, Margaret Fisher.